UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JUDYTH MARKMAN,
    Plaintiff,

vs.

S.I.B.I. INVESTMENTS, INC.,
    Defendant.

## COMPLAINT

Plaintiff, JUDYTH MARKMAN (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendant, S.I.B.I. INVESTMENTS, INC. (hereinafter, "Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

### JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.*, based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a gas station/convenience store located at 2799 NE 163rd Street North Miami Beach, FL 33160 (also known as 2799 Sunny Isles Boulevard, North Miami Beach, FL 33160) (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the Subject Premises are located in the Southern District and Miami-Dade County.

## PARTIES

4.      Plaintiff, JUDYTH MARKMAN, is over the age of 18, *sui juris*, and a resident of Maimi-Dade County, Florida. Plaintiff has been diagnosed with scoliosis, which is exacerbated by arthritis, including arthritis in her hands, and has resulted in bursitis in her hip. Plaintiff requires the use of both a walker and a wheelchair for mobility and is a qualified individual under the ADA.

5.      Defendant, S.I.B.I. INVESTMENTS, INC., is a Florida profit corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

6.      Pursuant to the Miami-Dade County Property Appraiser's Office, Defendant, S.I.B.I. INVESTMENTS, INC., is the owner of the Subject Premises.

7.      Defendant, S.I.B.I. INVESTMENTS, INC., is the owner/operator of the gas station/convenience store "SHELL" located at the Subject Premises.

8.      According to the Florida Department of Business and Professional Regulation, the Defendant, S.I.B.I. INVESTMENTS, INC., d/b/a SHELL, was issued a Dual Beverage and Tobacco license on April 29, 2025 for the Subject Premises.

9.      SHELL is a gas station and convenience store offering fuel for motor vehicles as well as a variety of retail goods, including food items, beverages, and other everyday necessities, to members of the general public. The establishment provides customers with the ability to access fueling services and enter the convenience store to browse and purchase items in a retail setting intended for public use. The Plaintiff appreciates the convenience of the location and the availability of goods and services offered at the Subject Premises. However, despite the Plaintiff's interest in patronizing the establishment, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

10. Plaintiff, in her individual capacity, has visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendant's failure to comply with ADA regulations.

11. Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

12. Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

13. Beyond her personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting her civil rights and the rights of others similarly situated.

14. Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

15. Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with

both the 1991 Standards and the 2010 Standards.

16.     As the Subject Premises was designed, constructed, and received its State Licensure in 2025, Plaintiff asserts that the ADA violations at the property are intentional and will not be corrected without Court intervention, further exacerbating the harm Plaintiff has suffered and will continue to endure.

17.     The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

18.     Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendant's failure to address the ADA violations described herein.

19.     Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendant's actions or inactions in remedying these violations.

20.     Plaintiff attempted to access the Subject Premises but was unable to do so due to her disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted her access to the property and its accommodations.

21.     Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, her ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

<u>**COUNT I**</u>
<u>**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**</u>

22.     Plaintiff restates Paragraphs 1-21 as though fully set forth herein.

23. Defendant, S.I.B.I. INVESTMENTS, INC., has discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

24. S.I.B.I. INVESTMENTS, INC., as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

25. There are multiple verified architectural barriers within unisex public restroom at the Subject Premises. Courts in the Southern District of Florida have held that an ADA plaintiff may properly allege violations located in a restroom designated for the opposite sex where accessibility conditions or the inaccessibility of other facilities might require the individual to use or access that restroom. S*ee Kennedy v. Nick Corcokius Enters., Inc.*, No. 9:15-cv-80642, slip op. at 3–4 (S.D. Fla. Dec. 16, 2015) (Rosenberg, J.) (citing *Nat'l Alliance for Accessibility, Inc. v. Windsor Invs. (3600 S.W. 22nd), LLC*, No. 13-20285-CIV (S.D. Fla. Mar. 18, 2014), and reasoning that a mobility-impaired individual could be required to use a restroom designated for the opposite sex if the accessible restroom is inoperable or where their disability necessitates it, such as use of a leg bag). These decisions confirm that alleging violations in both restrooms is proper where such barriers impede full and equal access to the goods, services, and facilities of a place of public accommodation.

26. The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the

following:

### Accessible Parking Space

**i. Non-Compliant Surface Slope at Accessible Parking Space**
The accessible parking space has a surface slope exceeding the maximum allowable limit, preventing Plaintiff and other individuals with mobility impairments from safely parking and exiting their vehicles. This is a violation of 2010 ADAAG §502.4. Reworking or repaving the accessible parking space to provide surface slopes not exceeding two percent in all directions is readily achievable.

**ii. Non-Compliant Surface Slope at Access Aisle**
The access aisle serving the accessible parking space has a non-compliant surface slope, interfering with Plaintiff's ability, and the ability of other individuals with disabilities, to safely deploy mobility devices. This is a violation of 2010 ADAAG §502.4. Reworking or repaving the access aisle to provide compliant surface slopes is readily achievable.

### Unisex Accessible Restroom

**iii. Permanent Room-Identifying Signage Mounted on Door Leaf**
The permanent room-identifying signage is improperly mounted on the door leaf instead of on the latch side of the door, limiting accessibility for individuals with visual disabilities. This is a violation of 2010 ADAAG §703.4.1. Relocating the signage to the latch side of the door with raised characters and Grade 2 Braille at compliant mounting heights is readily achievable.

**iv. Encroachment into Required Pull-Side Door Maneuvering Clearance**
Stored items encroach into the required maneuvering clearance on the pull side of the restroom door, restricting Plaintiff's ability, and the ability of other individuals with disabilities, to independently open and close the door. This is a violation of 2010 ADAAG §404.2.4. Removing or relocating the encroaching items to restore compliant maneuvering clearance is readily achievable.

**v. Non-Compliant Knob-Type Door Hardware**
The restroom door hardware requires tight grasping and twisting of the wrist to operate, restricting Plaintiff's ability, and the ability of other individuals with disabilities, to independently operate the door. This is a violation of 2010 ADAAG §404.2.7. Replacing the knob-type hardware with lever-operated or otherwise compliant hardware is readily achievable.

**vi. Side Wall Grab Bar Too Short**
The water closet side wall grab bar is shorter than the minimum required length, limiting Plaintiff's ability, and the ability of other individuals with disabilities, to safely transfer to and from the water closet. This is a violation of 2010 ADAAG §604.5.1. Installing a compliant side wall grab bar with the required minimum length is readily achievable.

**vii. Side Wall Grab Bar Mounted Above Allowable Height**
The side wall grab bar is mounted above the maximum allowable height, reducing Plaintiff's ability, and the ability of other individuals with disabilities, to safely use the grab bar during transfers. This is a violation of 2010 ADAAG §604.5.1. Reinstalling the grab bar at a compliant mounting height is readily achievable.

**viii. Toilet Tissue Dispenser Mounted Outside Required Location**
The toilet tissue dispenser is mounted too far forward from the water closet, interfering with Plaintiff's ability, and the ability of other individuals with disabilities, to safely and independently access toilet tissue. This is a violation of 2010 ADAAG §604.7. Relocating the toilet tissue dispenser to a compliant position relative to the water closet is readily achievable.

**ix. Rear Wall Grab Bar Too Short**
The rear wall grab bar is shorter than the minimum required length, limiting Plaintiff's ability, and the ability of other individuals with disabilities, to safely use the water closet. This is a violation of 2010 ADAAG §604.5.2. Installing a compliant rear wall grab bar with the required minimum length is readily achievable.

**x. Exposed and Uninsulated Pipes Beneath Lavatory**
The lavatory has exposed and uninsulated supply and drain pipes, creating a burn and contact hazard for Plaintiff and other individuals with disabilities using the restroom. This is a violation of 2010 ADAAG §606.5. Insulating or otherwise covering the exposed pipes is readily achievable.

**xi. Lavatory Mirror Mounted Above Maximum Allowable Height**
The lavatory mirror is mounted above the maximum allowable height to the bottom edge of the reflecting surface, preventing Plaintiff, and other individuals with disabilities, from properly using the mirror. This is a violation of 2010 ADAAG §603.3. Lowering the mirror to a compliant height is readily achievable.

**xii. Soap Dispenser Mounted Outside Allowable Reach Range**
The soap dispenser is mounted beyond the allowable reach range, restricting Plaintiff's ability, and the ability of other individuals with disabilities, to independently use the dispenser. This is a violation of 2010 ADAAG §308.2.1. Lowering or relocating the soap dispenser to a compliant reach height is readily achievable.

**xiii. Lavatory Encroaches into Required Water Closet Clearance**
The lavatory encroaches into the required clear floor space of the water closet, interfering with Plaintiff's ability, and the ability of other individuals with disabilities, to safely maneuver and transfer within the restroom. This is a violation of 2010 ADAAG §604.3. Relocating the lavatory outside the required clearance area is readily achievable.

27. Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to her disability. The

physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendant is compelled to remove these barriers and comply with the ADA.

28. In addition to her personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in her capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

29. Plaintiff lives approximately 5 miles from the Subject Premises and intends to return within the next six (6) months to ensure accessibility for individuals with physical disabilities and to avail himself of the goods and services therein. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete, if she is able to do so.

30. The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

31. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

32. Plaintiff seeks an injunction requiring Defendant to bring the Subject Premises into

full compliance with the ADA and ADAAG by remediating all violations.

33. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

34. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff her reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

/s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
  *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
844-702-8867
WassenbergL@gmail.com